WILLIAM W. BOILLOT, RESPONDENT, v. INCOME GUARANTY COMPANY, A CORPORATION, APPELLANT.—120 S. W. (2d) 76.

Kansas City Court of Appeals.  May 23, 1938.

*Davis & Davis* and *C. W. Armstrong* for appellant.

*Boillot & Teters* and *Irwin, Bushman & Buchanan* for respondent.

298

SPERRY, C.—This is an action founded upon the same contract involved in cause No. 19139, decided in this court on the same day this cause was decided.

In this action plaintiff seeks to recover the benefits for the period January 11, 1936, to April 11, 1937.

The plaintiff recovered a judgment for $1500 monthly benefits; interest $113.10; penalties $150; Attorneys' fees $150 and costs. The defendant has appealed.

The defendant says, ''The Court is advised that this is a similiar case to No. 19139, between the same parties pending at this term. The 'Points and Authorities' and 'Argument' is identical except for Point XII.''

Point 12 is that the court erred in refusing to permit defendant to show plaintiff had recovered from his disability.

After the evidence was closed one of plaintiff's counsel stated to the court he had inadvertently omitted to introduce the policy and asked to be permitted to introduce the policy in evidence. When the court indicated he would permit the policy to be introduced counsel for the defendant said:

''I want to make a couple of motions; it will go in the record: I want to make a motion that the entire case be opened up, so the defendant can have opportunity to bring witnesses here and in connection with the motion I will apprise the Court that I want to introduce evidence to show that Mr. Boillot, the plaintiff, was not disabled as he claims, during the period for which suit was brought, that he was not disabled as provided in the policy during that period and that Mr. Boillot was not disabled so that he was prevented from tuning pianos wholly or partially, as is contended for by plaintiff.''

The court overruled the motions, received the policy in evidence, and rendered judgment for the plaintiff.

The pleadings considered, it is not necessary to introduce the policy in evidence.

The motions to reopen the case for the purpose of allowing defendant to introduce evidence to the effect that plaintiff was not disabled, was an afterthought.

Plaintiff's evidence was the same as in each of the former trials. Neither in this case nor in case No. 19139 did the defendant offer any evidence on the question of plaintiff's disability.

There is nothing in the record indicating the court abused its discretion in refusing the motions, even if such evidence would have been admissible at any stage of the preceeding.

The result of this appeal must be the same as the result in cause No. 19139.

The result of this appeal must be the same as the result in cause No. 19139.

The judgment is affirmed and plaintiff is adjudged to have and recover from the defendant in addition thereto the sum of $191.31, penalties for vexatious appeal. *Campbell, C.*, concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed and plaintiff is adjudged to have and recover from the defendant, in addition thereto, the sum of $191.31, penalties for vexatious appeal. All concur.